UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MARLESSA KNOLES,<br>        Plaintiff,<br>    v.<br>TEVA PHARMACEUTICALS USA, INC. and TEVA BRANDED PHARMACEUTICALS PRODUCTS R&D, INC.,<br>        Defendants. | Case No. 17-cv-06580-BLF<br><br>**ORDER GRANTING MOTION FOR JUDGMENT ON THE PLEADINGS WITH LEAVE TO AMEND**<br><br>[Re: ECF 52] |

Plaintiff Marlessa Knoles filed the complaint in this action on November 14, 2017, asserting that Defendants Teva Pharmaceuticals USA, Inc. ("Teva USA") and Teva Branded Pharmaceuticals Products R&D, Inc. ("Teva Branded") are liable for injuries she suffered due to implantation and removal of a Paragard Intrauterine Device ("IUD"). *See* Compl., ECF 2. Both Defendants answered the complaint on March 15, 2018. *See* Answers, ECF 24, 26. The answers raise numerous affirmative defenses, including lack of personal jurisdiction and failure to state a claim upon which relief may be granted.

Defendants have filed a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). The motion is GRANTED WITH LEAVE TO AMEND for the reasons discussed below.

## I. BACKGROUND

Plaintiff alleges that in 2004, she had a Paragard IUD implanted as her form of birth control. Compl. ¶ 15. More than a decade later, on May 14, 2015, Plaintiff scheduled a procedure to remove the IUD. Compl. ¶ 16. During the procedure, the IUD broke into multiple pieces, only one of which could be retrieved at the time. *Id.* Plaintiff had a second procedure on May 27, 2015, at which time a second piece of the IUD was retrieved. Compl. ¶ 17. A third piece remains embedded in Plaintiff's pelvis, and a hysterectomy would be required to remove it. Compl. ¶ 18.

The embedded piece of IUD causes Plaintiff to suffer from vaginal pressure, frequent urination, and discomfort during normal life activities. Compl. ¶ 19.

Plaintiff alleges that both Teva USA and Teva Branded are Delaware corporations that maintain their principal places of business in Pennsylvania. Compl. ¶ 2. She asserts state law products liability and negligence claims against Defendants based on boilerplate allegations that "[a]t all relevant times the defendants, through their agents, servants, and employees, designed, researched, manufactured, labeled, packaged, promoted, marketed and/or sold Paragard Intrauterine Devices." Compl. ¶ 10.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." A Rule 12(c) motion is "functionally identical" to a Rule 12(b)(6) motion, and the same legal standard applies to both. *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054 n.4 (9th Cir. 2011). Thus, when considering a Rule 12(c) motion, a district court "must accept the facts as pled by the nonmovant." *Id.* at 1053. The district court then must apply the *Iqbal* standard to determine "whether the complaint's factual allegations, together with all reasonable inferences, state a plausible claim for relief." *Cafasso*, 637 F.3d at 1054 & n.4 (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)).

A district court generally may not consider materials outside the pleadings in deciding a motion under either Rule 12(b)(6) or Rule 12(c), and if such materials are presented to the court and not excluded, the motion must be treated as a motion for summary judgment under Rule 56. *See* Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."). A district court may, however, consider the following materials without converting a Rule 12(c) motion to a Rule 56 motion: "(1) exhibits to the nonmoving party's pleading, (2) documents that are referred to in the non-moving party's pleading, or (3) facts that are included in materials that can be judicially noticed." *Yang v. Dar Al-Handash Consultants*, 250 F. App'x 771, 772 (9th Cir. 2007).

2

## III. DISCUSSION

Defendants move for judgment on the pleadings under Rule 12(c) on the basis that this Court lacks personal jurisdiction over them. A federal district court may exercise either general or specific personal jurisdiction over a nonresident defendant. *Daimler AG v. Bauman*, 571 U.S. 117, 127-28 (2014). "[A] court may assert general jurisdiction over foreign (sister-state or foreign-country) corporations to hear any and all claims against them when their affiliations with the State are so continuous and systematic as to render them essentially at home in the forum State." *Id.* at 127 (internal quotation marks and citation omitted). In contrast, specific jurisdiction exists when the defendant's contacts with the forum state are more limited but the plaintiff's claims arise out of or relate to those contacts. *Id.*

Defendants attempt to establish lack of personal jurisdiction through the declaration of Brian Shanahan, Secretary of Teva USA, which is submitted with their motion for judgment on the pleadings. *See* Shanahan Decl., ECF 52-1. Mr. Shanahan states that Teva Branded has never manufactured or sold Paragard IUDs at any time, that Teva USA has never manufactured Paragard IUDs, and that Teva USA has sold Paragard IUDs but not at any time prior to December 31, 2004. Shanahan Decl. ¶¶ 5-7. Because Plaintiff's complaint alleges that her IUD was implanted in 2004, *see* Compl. ¶ 15, Mr. Shanahan's declaration would establish that Defendants neither manufactured nor sold the IUD that gives rise to this lawsuit *if* the declaration could be considered. However, the Court cannot consider the declaration on this Rule 12(c) motion under the authorities cited above. The declaration does not fall into any of the categories of documents which may be considered on a Rule 12(c) motion, in that it is not attached as an exhibit to the complaint, it is not referred to in the complaint, and it is not an appropriate subject for judicial notice. *See Yang*, 250 F. App'x at 772.

At the hearing, Defendants' counsel argued that the case law is well-established that when a defendant brings a motion challenging personal jurisdiction, the Court may consider evidence submitted by the parties. While counsel is correct that declarations and similar evidence may be considered when a personal jurisdiction challenge is brought by means of a motion to dismiss, *see Ranza v. Nike, Inc.*, 793 F.3d 1059, 1068 (9th Cir. 2015), the Court has been unable to locate any

3

1    authority for the proposition that a court may consider such evidence in connection with a motion
2    for judgment on the pleadings. To the contrary, Rule 12 itself and all of the cases reviewed by the
3    Court indicate that evidence such as the Shanahan declaration may not be considered when
4    evaluating a Rule 12(c) motion for judgment on the pleadings. *See* Fed. R. Civ. P. 12(d) ("If, on a
5    motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not
6    excluded by the court, the motion must be treated as one for summary judgment under Rule 56.");
7    *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1550 (9th Cir. 1989) (reversing
8    grant of judgment on the pleadings where district court relied on declaration and document
9    submitted by moving party); *Evolutionary Intelligence, LLC v. Sprint Nextel Corp.*, 137 F. Supp.
10   3d 1157, 1163 (N.D. Cal. 2015) ("[A] declaration is not appropriate for the court to consider on a
11   motion to dismiss or motion for judgment on the pleadings. . . . On such motions, the court may
12   only consider the complaint, documents incorporated by reference in the complaint, and judicially
13   noticed facts."). These decisions are consistent with the express requirement in Rule 12 that a
14   motion asserting certain defenses, including lack of personal jurisdiction, "must be made before
15   pleading if a responsive pleading is allowed." Fed. R. Civ. P. 12(b). Because Rule 12 does not
16   contemplate assertion of a personal jurisdiction challenge in a post-answer motion, the Rule does
17   not provide for consideration of evidence relevant to such a challenge under Rule 12(c).

18   The Court nonetheless concludes that judgment on the pleadings is warranted in this case.
19   Although framed in terms of personal jurisdiction, the real thrust of Defendants' argument is that
20   they did not manufacture or sell the IUD implanted in Plaintiff. That argument goes to the issue of
21   whether Plaintiff has stated a claim, which is a proper subject for a Rule 12(c) motion. Defendants
22   clearly cannot be liable for injuries arising from the IUD implanted in Plaintiff if they had no
23   involvement with the IUD.

24   Plaintiff's allegations regarding Defendant's involvement with the IUD are purely
25   boilerplate. Plaintiff alleges "[a]t all relevant times the defendants, through their agents, servants,
26   and employees, designed, researched, manufactured, labeled, packaged, promoted, marketed
27   and/or sold Paragard Intrauterine Devices." Compl. ¶ 10. All of Plaintiff's allegations are in a
28   similar vein. Plaintiff does not allege *any* specific facts showing what role either Defendant

actually played in the events giving rise to Plaintiff's injuries. It is insufficient for Plaintiff to simply group the two Defendants together and allege that they designed *and/or* manufactured *and/or* marketed *and/or* sold the IUD. *See Chuman v. Wright*, 76 F.3d 292, 295 (9th Cir. 1996) (Allegations which lump multiple defendants together are insufficient to put any one defendant on notice of the conduct upon which the claims against it are based.). Plaintiff must allege facts plausibly alleging what conduct on the part of each Defendant gives rise to liability for Plaintiff's injuries.

Accordingly, Defendants' motion for judgment on the pleadings under Rule 12(c) is GRANTED WITH LEAVE TO AMEND. The Court has reservations as to whether these claims can be reasserted against Teva USA and Teva Branded consistent with Federal Rule of Civil Procedure 11, given the information contained in Mr. Shanahan's declaration. However, Plaintiff and her counsel certainly are entitled to an opportunity to clarify Plaintiff's claims.

**IV. ORDER**

(1) The motion for judgment on the pleadings is GRANTED WITH LEAVE TO AMEND;

(2) Any amended complaint shall be filed on or before February 22, 2019; and

(3) Leave to amend is limited to the defects identified in this order. Plaintiff may not add new parties or claims without obtaining prior express leave of the Court.

Dated: January 23, 2019

_____
BETH LABSON FREEMAN
United States District Judge