UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MARLESSA KNOLES,<br><br>    Plaintiff,<br><br>v.<br><br>TEVA PHARMACEUTICALS USA, INC. and TEVA BRANDED PHARMACEUTICALS PRODUCTS R&D, INC.,<br><br>    Defendants. | Case No. 17-cv-06580-BLF<br><br>**ORDER VACATING HEARING ON PLAINTIFF'S MOTION TO SUBSTITUTE TRUE NAME FOR FICTITIOUSLY NAMED DEFENDANT; GRANTING MOTION; AND SETTING DEADLINE FOR PLAINTIFF TO FILE AMENDED COMPLAINT**<br><br>[Re: ECF 66] |

Plaintiff Marlessa Knoles filed the complaint in this action – erroneously titled as a "First Amended Complaint" – on November 14, 2017, asserting that Defendants Teva Pharmaceuticals USA, Inc. ("Teva USA") and Teva Branded Pharmaceuticals Products R&D, Inc. ("Teva Branded") are liable for injuries she suffered due to implantation and removal of a Paragard Intrauterine Device ("IUD"). Compl., ECF 2. Specifically, Plaintiff alleges that when her doctor attempted to remove the IUD, it broke into several pieces, some of which could not be retrieved. Compl. ¶¶ 17-18. Defendants answered and filed a motion for judgment on the pleadings ("JOP"), which was granted with leave to amend. Answers, ECF 24, 26; Order Granting Motion for JOP, ECF 62. Leave to amend was expressly limited to the claims asserted against Defendants Teva USA and Teva Branded, and Plaintiff was directed not to add new claims or parties without prior leave of the Court. Order Granting Motion for JOP, ECF 62.

On February 22, 2019, the date upon which Plaintiff's amended pleading was due, Plaintiff filed a Motion to Substitute True Name for Fictitiously Named Defendant, seeking to add a new defendant identified as "Paragard." Motion to Substitute at 2, ECF 66. Plaintiff also filed an Application for Extension of the deadline to amend the complaint pending resolution of her Motion to Substitute. Application for Extension, ECF 65. Defendants Teva USA and Teva

Branded filed a single opposition brief addressing both the Motion to Substitute and the Application for Extension. Opposition, ECF 67. The Court granted Plaintiff's Application for Extension, finding that the Motion to Substitute should be resolved prior to any amendment. Order Granting Plaintiff's Application for Extension, ECF 68. Having reviewed the briefing on the Motion to Substitute, the Court concludes that the motion is appropriate for disposition without oral argument and it therefore VACATES the hearing set for May 23, 2019.

Plaintiff incorrectly asserts that her Motion to Substitute is governed by the liberal standards set forth in Federal Rule of Civil Procedure 15(a), under which "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Plaintiff ignores the fact that she is seeking to add a new defendant after expiration of the deadline to add parties set forth in the Case Management Order issued July 19, 2018. Case Management Order, ECF 49. Once the Court has filed a pretrial scheduling order establishing a deadline for amending the pleadings, Federal Rule of Civil Procedure 16 controls. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-08 (9th Cir. 1992). Under Rule 16, Plaintiff must show "good cause" for adding a new defendant after expiration of the deadline to add parties. *See* Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."). If Plaintiff is able to show good cause under Rule 16, she then must demonstrate that amendment also is appropriate under Rule 15. *See Rodarte v. Alameda Cty.*, No. 14-CV-00468, 2015 WL 5440788, at *2 (N.D. Cal. Sept. 15, 2015) ("If, however, the moving party has shown good cause under Rule 16(b), it must then demonstrate that its motion is also proper under Rule 15.").

"Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson*, 975 F.2d at 609. Plaintiff's counsel explains that Plaintiff's chart indicated that her physician, Dr. Zeidberg, reported the broken IUD to "the ParaGard pharmaceutical company, Teva pharmaceuticals, reference #147055" in May 2015; and that the portion of the IUD retrieved from Plaintiff was sent to "Teva pharmaceuticals" for evaluation. Motion at 3 & Exh. 2, ECF 66. Plaintiff's file contained two letters from Teva entities to Dr. Zeidberg, both dated May 29, 2015. One letter, indicating that it was from a "Quality Systems Coordinator" at "Teva Woman's Health," gave directions on how to mail the IUD fragments for

evaluation. Motion, Exh. 3, ECF 66. The other letter, indicating that it was from "Teva Pharmaceuticals," stated that information regarding removal of an embedded IUD was enclosed and provided contact information in the event further assistance was required. *Id.* Plaintiff's counsel explains that, based on those communications, counsel believed that the defendant Teva entities were the proper defendants. Motion at 3. Based on this explanation, as supported by the documentation from Dr. Zeidberg, the Court finds that Plaintiff has shown good cause as required under Rule 16.

Defendants Teva USA and Teva Branded argue that amendment should not be permitted because Plaintiff has not established that "Paragard" is a legal entity. Defendants correctly point out that Plaintiff has not used a designator such as "Inc.," "Corp.," or "LLC," and that it is unclear from Plaintiff's papers whether "Paragard" in fact is an entity capable of suit. Consistent with Federal Rule of Civil Procedure 11, it is Plaintiff's responsibility to ensure that "Paragard" has legal capacity to be sued, and Plaintiff must effect service of process on "Paragard" within 90 days after filing an amended pleading, as required under Federal Rule of Civil Procedure 4(m). The Court expects and requires Plaintiff to comply with these obligations.

Defendants Teva USA and Teva Branded also argue that amendment should not be permitted because Plaintiff previously sued "Paragard/Ortho-McNeil/Teva" in the Monterey County Superior Court based on the circumstances surrounding her IUD removal. *See* Opp. Exh. A, ECF 67-1. The Court grants Defendants' request for judicial notice of the state court complaint and other documents filed in the Monterey case. *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) ("We may take judicial notice of court filings and other matters of public record."). To the extent that Defendants are arguing that Plaintiff knew of Paragard's existence prior to filing the present action, it appears that the state court complaint was filed by Plaintiff *pro se*, and that she obtained counsel only shortly before the state court dismissed the case for failure to appear at a Case Management Conference. *See* Opp. Exh. A, ECF 67-1. As discussed above, counsel has explained that counsel believed the Teva entities were the proper defendants and so filed the present action only against Teva USA and Teva Branded. The Court therefore is not persuaded that the prior lawsuit precludes a finding of good cause here.

Having determined that amendment is permissible under Rule 16, the Court must determine whether amendment is warranted under Rule 15. The record does not suggest any bad faith or undue delay on the part of Plaintiff, Defendants have not established that any prejudice to them would result from amendment, it is not clear that amendment would be futile, and Plaintiff has not previously amended her pleading. *See In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 738 (9th Cir. 2013) (listing factors to be considered when deciding whether to grant leave to amend). Accordingly, Plaintiff's Motion to Substitute is GRANTED.

The Court notes that while Plaintiff's Motion to Substitute identifies the proposed new party as "Paragard," the proposed Second Amended Complaint attached as an exhibit to her motion identifies the new party as "Paragard IUD." Motion to Substitute at 2 & Exh. 4, ECF 66. The Court cautions Plaintiff to be more precise in future filings, and to ensure that the new defendant is correctly identified in the amended pleading.

**ORDER**

(1) Plaintiff's Motion to Substitute to add a new defendant is GRANTED;

(2) Plaintiff shall file an amended complaint on or before May 17, 2019;

(3) The amended complaint shall add the appropriate Paragard entity as a defendant and shall cure the deficiencies identified in the Court's prior Order Granting Motion for JOP; and

(4) Plaintiff may not add any other new parties or claims without express leave of the Court.

Dated: May 14, 2019

BETH LABSON FREEMAN
United States District Judge

4