United States District Court
Northern District of California

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| MARLESSA KNOLES,<br><br>    Plaintiff,<br><br>v.<br><br>TEVA PHARMACEUTICALS USA, INC.; TEVA BRANDED PHARMACEUTICALS PRODUCTS R&D, INC.; FEI WOMEN'S HEALTH LLC; ORTHO-MCNEIL PHARMACEUTICAL, LLC; and DURAMED PHARMACEUTICALS,<br><br>    Defendants. | Case No. 17-cv-06580-BLF<br><br>**ORDER GRANTING TEVA DEFENDANTS' MOTION TO DISMISS THE SECOND AMENDED COMPLAINT FOR LACK OF PERSONAL JURISDICTION; TERMINATING AS MOOT TEVA DEFENDANTS' MOTION TO STRIKE THE SECOND AMENDED COMPLAINT; AND DIRECTING PLAINTIFF TO SHOW CAUSE WHY THE SECOND AMENDED COMPLAINT SHOULD NOT BE DISMISSED AS TO REMAINING DEFENDANTS**<br><br>[Re: ECF 72, 73] |

Plaintiff Marlessa Knoles sues a number of entities for injuries she suffered due to implantation and removal of a Paragard Intrauterine Device ("IUD"). Defendants Teva Pharmaceuticals USA, Inc. ("Teva USA") and Teva Branded Pharmaceuticals Products R&D, Inc. ("Teva Branded") have filed a motion to dismiss the operative second amended complaint ("SAC") for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2), and a motion to strike the SAC for failure to comply with a Court order.

Following completion of briefing on the motions, the Court vacated the scheduled hearing dates of October 24, 2019 and October 31, 2019 and advised the parties that the motions would be submitted for decision without oral argument. *See* Order Vacating Motion Hearings, ECF 80. For the reasons discussed below, the motion to dismiss is GRANTED WITHOUT LEAVE TO AMEND; the motion to strike is TERMINATED AS MOOT; and the Court *sua sponte* orders Plaintiff to SHOW CAUSE why the SAC should not be dismissed as to the remaining Defendants.

## I. BACKGROUND

Plaintiff filed this action in November 2017, asserting state law products liability and negligence claims against Teva USA and Teva Branded based on allegations that they designed, manufactured, marketed, and/or sold the Paragard IUD. *See* Compl., ECF 2. The Teva Defendants moved for judgment on the pleadings, arguing that they had no involvement with the Paragard IUD and that they are not subject personal jurisdiction in California. *See* Motion for JOP, ECF 52. The Court granted the motion for judgment on the pleadings with leave to amend. *See* Order Granting Motion for JOP, ECF 62. Leave to amend was expressly limited to the claims asserted against the Teva Defendants, and Plaintiff was directed not to add new claims or parties without prior leave of the Court. *See id.*

Prior to amending her claims against the Teva Defendants, Plaintiff filed a motion to substitute a true name, "Paragard," for a fictitiously named defendant. *See* Motion to Substitute, ECF 66. With the motion, Plaintiff submitted a proposed second amended complaint asserting claims against new party "Paragard IUD." *See* Proposed Second Amended Complaint, ECF 66-1. The Court granted the motion to substitute, noting the discrepancy between Plaintiff's identification of the new party as "Paragard" in the motion but "Paragard IUD" in the proposed second amended complaint, and cautioning Plaintiff to ensure that the correct name of the entity was used in the amended pleading. *See* Order Granting Motion to Substitute at 4, ECF 70. The Court ordered that "[t]he amended complaint shall add the appropriate Paragard entity as a defendant and shall cure the deficiencies identified in the Court's prior Order Granting Motion for JOP," and that "Plaintiff may not add any other new parties or claims without express leave of the Court." *Id.*

On May 17, 2019, Plaintiff filed the operative second amended complaint ("SAC"). *See* SAC, ECF 71. The SAC Plaintiff filed is substantially different from the proposed second amended she submitted with her motion to substitute. *Compare* ECF 66-1 *with* ECF 71. Notably, the SAC does not add "the appropriate Paragard entity" as authorized by the Court, but instead it adds three different defendant entities: FEI Women's Health LLC, Ortho-McNeil Pharmaceutical, LLC, and Duramed Pharmaceuticals. *See* SAC, ECF 71.

The SAC alleges that Plaintiff had a Paragard IUD inserted on December 7, 2004; an attempted retrieval of the IUD in May 2015 was only partially successful, as the IUD broke and some of the pieces could not be retrieved; and a second attempted retrieval in June 2015 was unsuccessful. *See* SAC ¶¶ 19-22. Plaintiff was advised that a hysterectomy would be required to remove the remaining IUD piece. *See* SAC ¶ 22. Plaintiff did not have a hysterectomy, and she continues to suffer discomfort from the piece of IUD remaining inside her. *See* SAC ¶ 23. The SAC asserts state law claims for: (1) strict products liability; (2) failure to warn; (3) defective design; and (4) negligence.

On May 29, 2019, the Teva Defendants moved to strike the SAC on the basis that it was filed in violation of the Court's order granting leave to amend to add a single new "Paragard" defendant. *See* Motion to Strike, ECF 72. On May 31, 2019, the Teva Defendants simultaneously answered the SAC and moved to dismiss the SAC under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction. *See* Answers, ECF 74, 75; Motion to Dismiss, ECF 73. Following completion of briefing on the motion to strike and motion to dismiss, the Court vacated the scheduled hearing dates of October 24, 2019 and October 31, 2019 and advised the parties that the motions would be submitted for decision without oral argument. *See* Order Vacating Motion Hearings, ECF 80.

For the reasons discussed below, the Court GRANTS the Teva Defendants' motion to dismiss the SAC for lack of personal jurisdiction, without leave to amend; TERMINATES AS MOOT the Teva Defendants' motion to strike the SAC; and *sua sponte* ORDERS Plaintiff to SHOW CAUSE why the SAC should not be dismissed as to the remaining Defendants.

**I.    TEVA DEFENDANTS' MOTION TO DISMISS SAC UNDER RULE 12(b)(2)**

The Court first addresses the Teva Defendants' motion to dismiss for lack of personal jurisdiction under Rule 12(b)(2). A Rule 12(b)(2) motion "must be made before pleading if a responsive pleading is allowed." Fed. R. Civ. P. 12(b). In the present case, the Teva Defendants filed the Rule 12(b)(2) motion simultaneously with their answers. *See* Motion to Dismiss, ECF 73; Answers, ECF 74, 75. "[S]hould the defendant file a Rule 12(b) motion simultaneously with the answer, the district court will view the motion as having preceded the answer and thus as

3

having been interposed in timely fashion." 5C Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 1361 (3d ed. 2004); *see also Hosain-Bhuiyan v. Barr Labs., Inc.*, No. 17 CV 114 (VB), 2017 WL 4122621, at *2 (S.D.N.Y. Sept. 14, 2017) (finding Rule 12(b)(2) motion to dismiss timely where motion was filed simultaneously with answer). Accordingly, the Court finds the Rule 12(b)(2) motion to be timely. Plaintiff does not argue to the contrary.

### A. Legal Standard

A party may challenge the Court's personal jurisdiction over it by bringing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(2). When a defendant raises a challenge to personal jurisdiction, the plaintiff bears the burden of establishing that jurisdiction is proper. *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1068 (9th Cir. 2015). The plaintiff may meet that burden by submitting affidavits and discovery materials. *Id*. "Where, as here, the defendant's motion is based on written materials rather than an evidentiary hearing, the plaintiff need only make a *prima facie* showing of jurisdictional facts to withstand the motion to dismiss." *Id*. (internal quotation marks and citation omitted). "[T]he plaintiff cannot simply rest on the bare allegations of its complaint," but when evaluating the plaintiff's showing, the court must accept uncontroverted allegations in the complaint as true and resolve factual disputes created by conflicting affidavits in the plaintiff's favor. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004) (internal quotation marks and citation omitted).

Where no applicable federal statute governs personal jurisdiction, "the law of the state in which the district court sits applies." *Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1129 (9th Cir. 2003). "California's long-arm statute allows courts to exercise personal jurisdiction over defendants to the extent permitted by the Due Process Clause of the United States Constitution." *Id*. "[D]ue process requires that the defendant 'have certain minimum contacts' with the forum state 'such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" *Ranza*, 793 F.3d at 1068 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (internal quotation marks and citation omitted)).

4

**B. Discussion**

A federal district court may exercise either general or specific personal jurisdiction over a defendant. *Daimler AG v. Bauman*, 571 U.S. 117, 127-28 (2014). General jurisdiction exists when the defendant's contacts "are so continuous and systematic as to render [it] essentially at home in the forum State." *Id*. at 139 (internal quotation marks and citation omitted). "With respect to a corporation, the place of incorporation and principal place of business are paradigm bases for general jurisdiction." *Id*. at 137 (internal quotation marks, citation, and alteration omitted). In contrast, specific jurisdiction exists when the defendant's contacts with the forum state are more limited, but the plaintiff's claims arise out of or relate to those contacts. *Id*. at 128.

The Teva Defendants assert that Plaintiff cannot establish that they are subject to either general or specific jurisdiction in California. Plaintiff contends that the Teva Defendants are subject to both general and specific jurisdiction here. *See* Opp. at 6, ECF 77.

**1. General Jurisdiction**

The Teva Defendants argue that nothing in this record establishes that they are subject to general jurisdiction in California. They point to Plaintiff's allegations that both Teva USA and Teva Branded are Delaware corporations with their principal places of business in Pennsylvania. *See* SAC ¶¶ 4-5. Plaintiffs do not allege facts or submit evidence suggesting that either of the Teva Defendants is "essentially at home" in California. Accordingly, Plaintiff has not established the existence of general jurisdiction.

In her opposition brief, Plaintiff argues that general jurisdiction lies because "Defendants did advertise, sell, distribute and deliver the Paragard Intrauterine Devices purposely within the State of California," and that "[b]y virtue of Defendant doing business in California [sic] support general jurisdiction of this Court." Opp. at 6, ECF 77. Plaintiff does not allege facts or submit evidence showing that either of the Teva Defendants advertised, sold, distributed, or delivered the Paragard IUD in California. Moreover, such activities would be insufficient to approximate a physical presence in California as required for the exercise of general jurisdiction. *See Young v. Actions Semiconductor Co.*, 386 F. App'x 623, 627 (9th Cir. 2010) (negotiation of licenses and sales of products in California insufficient to establish general jurisdiction); *Ranza*, 793 F.3d at

5

1069 (sales of goods, maintenance of staff, and other business contacts in forum statue insufficient to establish general jurisdiction).

Accordingly, Plaintiff has not met her burden to make out a *prima facie* case of general jurisdiction.

### 2. Specific Jurisdiction

The Teva Defendants also argue that Plaintiff cannot establish the existence of specific jurisdiction. The Ninth Circuit has established a three-prong test for whether a court can exercise specific personal jurisdiction: (1) the defendant must have "either purposefully availed itself of the privilege of conducting activities in California, or purposefully directed its activities toward California," thereby "invoking the benefits and protections of its laws"; (2) the claim must arise out of or relate to the defendant's forum-related activities; and (3) the exercise of jurisdiction must be reasonable, *i.e.* it must comport with fair play and substantial justice. *Schwarzenegger*, 374 F.3d at 802. The plaintiff bears the burden on the first two prongs. *Id*. "If the plaintiff fails to satisfy either of these prongs, personal jurisdiction is not established in the forum state." *Id*. "If the plaintiff succeeds in satisfying both of the first two prongs, the burden then shifts to the defendant to present a compelling case that the exercise of jurisdiction would not be reasonable." *Id*. (internal quotation marks and citation omitted).

Plaintiff does not submit affidavits or other evidence, relying solely on the allegations of the SAC to meet her burden of satisfying the first two prongs of the *Schwarzenegger* test. The Teva Defendants rely on the declaration of Brian Shanahan, the Secretary of Teva USA. *See* Shanahan Decl., ECF 52-1.

#### a. Purposeful Availment / Purposeful Direction

Purposeful availment and purposeful direction are two distinct concepts. *Schwarzenegger*, 374 F.3d at 802. In the Ninth Circuit, a purposeful availment analysis generally is used in suits sounding in contract, while a purposeful direction analysis generally is used in suits sounding in tort. *Id*. However, the Supreme Court has held that a purposeful availment analysis is appropriate in products liability cases. *See J. McIntyre Mach., Ltd. v. Nicastro*, 564 U.S. 873, 878 (2011). This Court therefore considers whether Plaintiff has made a showing that each of the Teva

6

Defendants "purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Id*. at 877 (internal quotation marks and citation omitted).

Plaintiff does not allege facts indicating that either Teva USA or Teva Branded avails itself of the privilege of conducting business in California. For example, Plaintiff does not allege that either of the Teva Defendants sell products in California. Plaintiff alleges that the Teva Defendants purchased "Paragard IUD," but it is not clear what they mean by that allegation. *See* SAC ¶ 15. Plaintiff alleges that "[a]fter acquisition of the Paragard IUD® device" the Teva Defendants "investigated claims, including testing IUDs, serviced claims, and held themselves out to be generally liable to consumers of the IUD, including plaintiff." SAC ¶¶ 4-5. Plaintiff does not allege that any of these activities occurred in California, nor does she explain how investigating claims arising out of the Paragard IUD invoked the benefits and protections of California's laws.

Accordingly, Plaintiff has failed to meet her burden on the first prong of the *Schwarzenegger* test.

### b. Arising Out of Forum Activities

Because Plaintiff has failed to satisfy the first prong of the *Schwarzenegger* test, the Court need go no further before concluding that Plaintiff has failed to meet her burden of establishing personal jurisdiction over the Teva Defendants. *See Schwarzenegger*, 374 F.3d at 802 (holding that personal jurisdiction is not established if the plaintiff fails to satisfy either of the first two prongs). However, even if Plaintiff had satisfied the first prong, the Court concludes that Plaintiff has failed to satisfy the second prong because she has not shown that her claims arise out of the Teva Defendants' forum-related activities.

In determining whether a plaintiff's claim arises out of the defendant's forum-related activities, "the Ninth Circuit follows the 'but for' test." *Menken v. Emm*, 503 F.3d 1050, 1058 (9th Cir. 2007) (internal quotation marks and citation omitted). Thus, Plaintiff must show that she would not have suffered an injury "but for" the Teva Defendants' forum-related conduct. *See id*. Plaintiff has not alleged that either of the Teva Defendants sold the Paragard IUD that was inserted

7

in her. To the contrary, Plaintiff alleges that "during the relevant time period, FEI Women's Health LLC and Ortho-McNeil LLC were the manufacturers and marketers of the Paragard IUD." SAC ¶ 12. Moreover, the Teva Defendants point to the Shanahan Declaration, establishing that Teva Branded never manufactured or sold Paragard IUDs, Teva USA never manufactured Paraguard IUDs, and Teva USA did not sell Paragard IUDs prior to December 31, 2004. *See* Shanahan Decl. ¶¶ 5-6, ECF 52-1. Since Plaintiff's Paragard IUD was inserted on December 7, 2004, *see* SAC ¶ 19, the Shanahan Declaration establishes that neither of the Teva Defendants could have sold the IUD inserted into Plaintiff. Thus, Plaintiff cannot establish that she would not have suffered the IUD-related injuries "but for" the Teva Defendants' activities.

Plaintiff alleges that she and her doctor sent the broken pieces of the IUD to "Teva Women's Health, 825 Wurlitzer Drive, North Tonawanda, NY 14120," and suggests that this fact gives rise to personal jurisdiction over Teva USA and Teva Branded. *See* SAC ¶ 15. However, Plaintiff does not explain how New York based "Teva Women's Health" is related to Pennsylvania based Teva USA or Teva Branded.

Plaintiff alleges that the Teva Defendants "assumed the duties and liabilities of the prior manufacturers and marketers" of the Paragard IUD. SAC ¶ 40. That allegation is conclusory and unsupported by any facts establishing that either Teva USA or Teva Branded assumed the liabilities of whatever company sold the Paragard IUD that was inserted into Plaintiff. Moreover, the Court is at a loss to understand how the Teva Defendants' alleged assumption of a predecessor's liability could have been a "but for" cause of Plaintiff's earlier injury.

Plaintiff thus has failed to meet her burden on the second prong of the *Schwarzenegger* test to show that she would not have suffered an injury "but for" the Teva Defendants' forum-related conduct. That failure constitutes an independent basis for finding that Plaintiff has failed to make a *prima facie* showing of personal jurisdiction over the Teva Defendants, separate and apart from Plaintiffs' failure to satisfy the first prong of the *Schwarzenegger* test.

### c. Reasonableness

Because Plaintiff has failed to satisfy her burden with respect to the first two prongs, the burden does not shift to the Teva Defendants to satisfy the third prong. *See Schwarzenegger*, 374

F.3d at 802 (burden shifts to the defendant to show that exercise of personal jurisdiction would not be reasonable only if the plaintiff satisfies both of the first two prongs).

### 3. Conclusion

Because Plaintiff has failed to make a *prima facie* showing that the Teva Defendants are subject to either general jurisdiction or specific jurisdiction in California, the Teva Defendants are entitled to dismissal for lack of personal jurisdiction under Rule 12(b)(2).

Having determined that Plaintiff's claims against the Teva Defendants are subject to dismissal, the Court must decide whether leave to amend is warranted. Leave ordinarily must be granted unless one or more of the following factors is present: (1) undue delay, (2) bad faith or dilatory motive, (3) repeated failure to cure deficiencies by amendment, (4) undue prejudice to the opposing party, and (5) futility of amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (discussing *Foman* factors). The Court finds no undue delay (factor 1) or bad faith (factor 2). However, despite the Court's prior order granting judgment on the pleadings, Plaintiff still has not alleged facts showing the existence of personal jurisdiction (factor 3). Granting further opportunity to amend would impose undue prejudice on the Teva Defendants (factor 4) where it appears that amendment would be futile (factor 5). Plaintiff has given no indication that she could amend her pleading to add additional facts establishing personal jurisdiction over the Teva Defendants.

Accordingly, the Teva Defendants' motion to dismiss for lack of personal jurisdiction is GRANTED WITHOUT LEAVE TO AMEND.

## II. TEVA DEFENDANTS' MOTION TO STRIKE SAC

In light of the Court's determination that the Teva Defendants are entitled to dismissal without leave to amend, the Teva Defendants' motion to strike the SAC is TERMINATED AS MOOT.

## III. REMAINING DEFENDANTS

As discussed above, the Court granted Plaintiff leave to file a second amended complaint curing the defects in her claims against the Teva Defendants and adding a single new Paragard entity as a defendant. Plaintiff exceeded the scope of the leave granted by the Court when she

9

filed a second amended complaint adding three new defendants, FEI Women's Health LLC, Ortho-McNeil Pharmaceutical, LLC, and Duramed Pharmaceuticals. Moreover, although the SAC was filed more than ninety days ago, on May 17, 2019, Plaintiff has not filed proofs of service of process on the three new Defendants. "If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m).

Plaintiff is hereby ORDERED TO SHOW CAUSE, in writing and within fourteen days, why the SAC should not be dismissed with respect to Defendants FEI Women's Health LLC, Ortho-McNeil Pharmaceutical, LLC, and Duramed Pharmaceuticals on the bases that these defendants were added in violation of the Court's express order and they have not been timely served as required under Rule 4(m).

**IV. ORDER**

(1) The Teva Defendants' motion to dismiss for lack of personal jurisdiction is GRANTED WITHOUT LEAVE TO AMEND;

(2) The Teva Defendants' motion to strike is TERMINATED AS MOOT; and

(3) Plaintiff is ORDERED TO SHOW CAUSE, in writing and on or before October 31, 2019, why the SAC should not be dismissed with respect to Defendants FEI Women's Health LLC, Ortho-McNeil Pharmaceutical, LLC, and Duramed Pharmaceuticals.

Dated: October 17, 2019

_____
BETH LABSON FREEMAN
United States District Judge