UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MARLESSA KNOLES,<br><br>Plaintiff,<br><br>v.<br><br>TEVA PHARMACEUTICALS USA, INC.; TEVA BRANDED PHARMACEUTICALS PRODUCTS R&D, INC.; FEI WOMEN'S HEALTH LLC; ORTHO-MCNEIL PHARMACEUTICAL, LLC; and DURAMED PHARMACEUTICALS,<br><br>Defendants. | Case No. 17-cv-06580-BLF<br><br>**ORDER DISMISSING SECOND AMENDED COMPLAINT AS TO ALL REMAINING DEFENDANTS; AND DISMISSING ACTION WITHOUT PREJUDICE** |

On October 17, 2019, the Court granted the Teva Defendants' motion to dismiss the second amended complaint ("SAC") for lack of personal jurisdiction, without leave to amend. *See* Order, ECF 81.

The Court also ordered Plaintiff to show cause, in writing and on or before October 31, 2019, why the second amended complaint should not be dismissed with respect to the three remaining defendants, FEI Women's Health LLC, Ortho-McNeil Pharmaceutical, LLC, and Duramed Pharmaceuticals. *See* Order, ECF 81. The Court stated its view that these defendants are subject to dismissal on the bases that they were added in violation of the Court's express order and they have not been timely served with process as required under Federal Rule of Civil Procedure 4(m). *See id.*

Plaintiff has not responded to the Order to Show Cause and the deadline for response has elapsed. The Court finds that dismissal of the second amended complaint with respect to the remaining Defendants is warranted under Federal Rules of Civil Procedure 41(b) and 4(m).

Federal Rule of Civil Procedure 41(b) allows for involuntary dismissal of an action "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." Rule 41(b) permits a court to dismiss an action *sua sponte*. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962). Before imposing dismissal as a sanction, "the district court must consider five factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." *Yourish v. Calif. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) (internal quotation marks and citation omitted).

Plaintiff has failed to comply with this Court's orders or with the service requirements of Rule 4(m). In its Order Granting Motion to Substitute, the Court granted Plaintiff's request for leave to amend to add "Paragard" as a defendant. *See* Order Granting Motion to Substitute, ECF 70. The order prohibited Plaintiff from adding any other new parties or claims without express leave of the Court. *See id.* Plaintiff nonetheless filed her SAC adding Defendants FEI Women's Health LLC, Ortho-McNeil Pharmaceutical, LLC, and Duramed Pharmaceuticals, in direct contravention of the Court's explicit order. *See* SAC, ECF 71. Plaintiff then failed to effect service of process on these defendants within 90 days of filing her SAC, as required under Rule 4(m). *See* Fed. R. Civ. P. 4(m) (requiring service of process within 90 days after complaint is filed). Plaintiff also failed to respond to the Court's Order to Show Cause why the SAC should not be dismissed as to Defendants FEI Women's Health LLC, Ortho-McNeil Pharmaceutical, LLC, and Duramed Pharmaceuticals.

Plaintiff's failure to comply with the Court's orders and with Rule 4(m) can serve as grounds for dismissal if the factors set forth above favor dismissal. *See Yourish*, 191 F.3d at 986. Here, four of the five factors strongly favor dismissal. Dismissal serves the public's interest in expeditious resolution of litigation (factor 1), because Plaintiff's failure to serve the SAC on the remaining defendants and failure to respond to the Court's Order to Show Cause effectively have stalled the case. Plaintiff's conduct has interfered with the Court's need to manage its docket (factor 2), because Plaintiff has ignored the Court's orders and the requirements of the Federal Rules of Civil Procedure. Failure to dismiss this action would prejudice the remaining defendants

(factor 3), who are entitled to notice and resolution of Plaintiff's claims. The public policy favoring disposition of cases on their merits (factor 4) does not favor dismissal. However, the Court sees little point in imposing less severe sanctions (factor 5), because Plaintiff has shown no interest in complying with this Court's orders or with Rule 4(m). Accordingly, the Court concludes that the SAC is subject to dismiss as to all remaining defendants under Rule 41(b).

In addition, Rule 4(m) provides an independent basis for dismissal. The rule provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). The Court's Order to Show Cause gave Plaintiff notice that the Court was considering dismissal of the SAC as to all remaining defendants for failure to effect service of process within 90 days. *See* Order, ECF 81. Plaintiff failed to ask for additional time or otherwise respond.

For these reasons, the SAC is DISMISSED as to Defendants FEI Women's Health LLC, Ortho-McNeil Pharmaceutical, LLC, and Duramed Pharmaceuticals.

The SAC having been dismissed as to the Teva Defendants for lack of personal jurisdiction, and as to the remaining Defendants for failure to prosecute and failure to effect service of process, the action is hereby DISMISSED WITHOUT PREJUDICE as to all Defendants.

The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: November 5, 2019

_____
BETH LABSON FREEMAN
United States District Judge